HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELA NIELSEN,

    Plaintiff,

v.

GEORGE CODY GIBSON and JANE/JOHN DOE GIBSON, husband and wife and the marital community comprised thereof,

    Defendants.

Case No. 2:21-cv-01007-RAJ

**ORDER DENYING MOTION TO SEAL COMPLAINT AND COURT RECORDS**

## I.    INTRODUCTION

Before the Court is Defendant's motion to seal the complaint and entire court record. Dkt. # 2. For the reasons listed below, Defendant's motion is **DENIED**.

## II.    DISCUSSION

Defendant seeks to seal the complaint and entire court record given the personal and sensitive nature of the parties' dispute. Dkt. # 2 at 2. Alternatively, Defendant wishes to proceed under a pseudonym. After initially opposing the motion the seal, Plaintiff recently joined the motion to seal. Dkt. # 22. However, after reviewing the parties' submissions, the Court concludes that the "compelling reasons" standard to seal the entire record has not been met.

ORDER – 1

1    Local Fed. R. Civ. P. 5(g)(1) states that "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."

The "compelling reasons" standard applies specifically to Defendant's request to seal the complaint and the entire record. *See, e.g.*, *Oliner v. Kontrabeck*i, 745 F.3d 1024, 1026 (9th Cir. 2014) (applying the "compelling reasons" standard to request to seal the entire record of the district court proceedings); *Nvidia Corp. Derivative Litig.*, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard." (citing *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006)). Under Ninth Circuit precedent, a party must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679.

Defendant's main argument is that mere publication of the pleadings and allegations could result in potential embarrassment given the personal nature of certain allegations in the dispute. Dkt. # 2 at 2-3. But the mere fact that the court records may lead to a litigant's embarrassment, without more, does not compel the court to seal its records. *Pintos*, 605 F.3d at 677–79 (9th Cir. 2010). The party seeking protection must provide an "articulable factual basis" for sealing. *See Foltz v. State Farm*, 331 F.3d 1122, 1136 (9th Cir. 2003).

ORDER – 2

The factual basis for Defendant's motion is also largely speculative. For instance, Defendant contends that "the easy access to digital information, where services 'crawl' the electronic dockets of federal and state courts" could lead to harm "in perpetuity." Dkt. # 2 at 2. This rationale could be said of any litigation. The Court may not grant protection solely "on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The Court also finds that Defendant has not shown, with any specificity, the publication of the material is intended merely to "gratify private spite or promote public scandal." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1979) (citations and internal quotation marks omitted). Ultimately, the Court finds that none of Defendant's stated reasons for sealing the entire record outweigh the substantial impact of "the public's understanding of the judicial process," which is "at the heart of the interest in insuring public access." *Kamakana*, 447 F.3d at 1179.[1]

The Court also finds no reason to proceed with the use of pseudonyms. The Court has discretion to "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922, n.1 (9th Cir. 1981)).

Courts in the Ninth Circuit have typically allowed *plaintiffs* to proceed anonymously or under a pseudonym when certain privacy interests outweigh any public interest in their identity – such as victims of sexual assault or plaintiffs who would face a credible risk of harm if their identities were to be revealed. *See Doe v. Penzato*, 2011 WL 183300, at *5 (N.D. Cal. May 13, 2011) (granting the plaintiff's petition to proceed

---

[1] The Court also notes that actions with similar allegations have proceeded without sealing the entire court record. *See, e.g.*, *Travelers Commercial Insurance Co. v. Ancona*, 2015 WL 13376709 (N.D. Cal. 2015).

ORDER – 3

1    anonymously because she alleged she was a victim of human trafficking, forced labor,
2    sexual battery, and invasion of privacy during her occupation as a child caretaker and
3    housekeeper); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (concluding the use of a
4    pseudonym was appropriate because petitioner was repeatedly sexually assaulted in
5    prison and would likely be subjected to more violence if his name was revealed); *Al Otro*
6    *Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (concluding the
7    plaintiffs "warrant anonymity on the ground their allegations of harm ... concern sexual
8    assault" as well as fear of retaliation and physical harm); *see also Jordan v. Gardner*, 986
9    F.2d 1521, 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing
10   names of the victims of sexual assault, we use initials here to protect the privacy of the
11   inmates.").
12        In this instance, Defendant has not articulated facts to show that a credible privacy
13   interest should outweigh the public's interest in accessing the courts and judicial records.
14   It is understandable that the parties are simply looking to make their controversy
15   disappear from public view. But they must also recognize that litigation is a public
16   process, and that the public has the right to know what the litigation is about, subject only
17   to limited exceptions that have not been met here.
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ORDER – 4

### III. CONCLUSION

The Court **DENIES** the motion to seal without prejudice. Dkt. # 2. The Court will provide Plaintiff with an opportunity to independently seek relief to proceed under a pseudonym, or alternatively to provide redactions within the record in accordance with Local Civil Rule 5(g)(3). Any motion must be filed within 10 days of this Order. The action will remain under seal until the Court decides any forthcoming motion.

DATED this 4th day of August, 2022.

*Richard A. Jones*

HON. RICHARD A. JONES
United States District Judge

ORDER – 5